UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARZURAY D. REED,<br><br>                              Plaintiff,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>                              Defendant. | Case No. 22-cv-00356-MMA (JLB)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** |

Petitioner is a state prisoner proceeding *pro se* with a habeas corpus action filed pursuant to 28 U.S.C. § 2254. Doc. No. 1. Petitioner has not paid the $ 5.00 filing fee and has not filed a motion to proceed *in forma pauperis*. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at R.J. Donovan State Prison in San Diego, California, located in San Diego County, which is within the jurisdictional boundaries of the United States District Court for the Southern

District of California. 28 U.S.C. § 84(d). The Petition attacks a judgment of conviction that was entered in the Los Angeles County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. 28 U.S.C. § 84(c)(2). Thus, jurisdiction exists in both the Southern and Central Districts.

When a habeas petitioner is challenging a judgment of conviction, the district court of the district in which the judgment of conviction was entered is a more convenient forum because of the accessibility of evidence, records, and witnesses. Thus, it is generally the practice of the district courts in California to transfer habeas actions questioning judgments of conviction to the district in which the judgment was entered. Here, any records, witnesses, and evidence necessary for the resolution of Petitioner's contentions are more conveniently available in Los Angeles County. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can transfer habeas cases to the district of conviction, which is ordinarily a more convenient forum).

Therefore, in the furtherance of justice, the Court **ORDERS** the Clerk of this Court to transfer this matter to the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 2241(d). Additionally, the Court **ORDERS** the Clerk of this Court to serve a copy of this Order upon Petitioner and upon the California Attorney General.

**IT IS SO ORDERED**.

Dated: March 24, 2022

HON. MICHAEL M. ANELLO
United States District Judge